UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80612-CIV-CANNON

**MARY JANE WHALEN** and
**CHRISTINE v. RONA**,
individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.

**GUNSTER, YOAKLEY & STEWART, PA,**

    Defendant.
_____/

## ORDER FOLLOWING HEARING ON PRELIMINARY APPROVAL MOTION AND REQUIRING ADDITIONAL FILINGS

**THIS CAUSE** comes before the Court following a hearing on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement [ECF No. 30], held on December 16, 2024 [ECF No. 35]. For the reasons stated in open court and further outlined below, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Unopposed Motion and Memorandum of Law in Support of Preliminary Approval of Class Action Settlement [ECF No. 30] is **DENIED WITHOUT PREJUDICE**.

2. Plaintiffs are permitted to file a Second Amended Complaint, but any such amended pleading is due on or before **December 23, 2024,** and must indicate whether Defendant consents.[1]

---

[1] Defendant indicated in open court on December 16, 2024, that it did not oppose Plaintiffs' oral request for leave to amend the complaint.

3. On or before **January 17, 2025**, Plaintiffs shall meaningfully confer with Defendant, as applicable, and file the following items:

   a. An Amended Motion for Preliminary Approval of Class Action Settlement plus attachments, addressing the specific provisions and issues discussed at the hearing, including (but not limited to) the vacatur provision in paragraph 6.4.3; the waiver provision in 17.4; and a more streamlined and organized approach for the receipt, submission, compilation, and docketing of opt-outs and objection-related materials prior to any Final Approval Hearing.[2]  The Amended Motion shall also, in more substantive terms, inform the Court of the strengths and weaknesses of Plaintiffs' asserted claims—one by one.[3]

   b. A Supplemental Brief thoroughly addressing—with citations to federal appellate and Supreme Court caselaw as much as possible—whether the named Plaintiffs as well as the putative class members have suffered a concrete and particularized injury sufficient to confer Article III standing for each claim and form of relief asserted and/or sought in the forthcoming Second Amended Complaint.[4]

   c. A Joint Notice (signed by counsel for all parties) related to the anticipated potential recovery for each class member, subject to any specified

---

[2] Plaintiffs shall also email a copy of the proposed order(s) to the Court in Word format.

[3] In the claim-by-claim analysis, Plaintiffs must address their assertion that (1) an alleged negligent failure to secure personal information qualifies as an unfair or deceptive trade practice within the meaning of Fla. Stat. § 501.204(1) and 15 U.S.C. § 45; and (2) a negligence-per-se claim under Florida law is cognizable in this case despite the absence of a private right of action in Section 5 of the Federal Trade Commission Act.

[4] This supplemental brief shall include authority supporting Plaintiffs' broad position, as articulated at the hearing, that any plaintiff whose personal identifying information is the subject of a data breach suffers a concrete and non-speculative injury for Article III purposes—full stop.

        conditions/assumptions, coupled with an interactive spreadsheet reflecting predicted payouts.[5] *The Notice may rely on the exceedingly low claims rates discussed by the parties at the hearing (1%-2%), but it must also contain projections using a 5% and 10% claims rate.*

    d. A Notice of Supplemental Authority supporting a court's consideration of historical claims rates in similar litigation for purposes of determining, at the preliminary approval stage, whether the court "will likely be able to approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(1)(B); *see also* Fed. R. Civ. P. 23(e)(2) (requiring assessment of fairness, reasonableness, and adequacy after considering additional proposal-specific factors).[6]

4. Separately, on or before **January 17, 2025,** Defendant shall file a declaration and any other documentation explaining the basis and scope of the size of the proposed settlement class.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 17th day of December 2024.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:    counsel of record

---

[5] Plaintiffs are authorized to submit the interactive spreadsheet for in camera review via email but must file the spreadsheet conventionally by the same deadline.

[6] This is the standard in the rule, and although Plaintiffs reference a more anemic form of review which examines whether the proposal is "within the range of possible approval" [ECF No. 30 p. 12], the Eleventh Circuit has never endorsed that test, and the Court is skeptical that such a test conforms to the substantive review called for in the Rule, even at the notice stage.